**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS,<br><br>    Plaintiff(s),<br>  v.<br><br>CAL-WESTERN RECONVEYANCE CORP, et. al.,<br><br>    Defendant(s). | CASE NO. 5:12-cv-05947 EJD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Docket Item No(s). 17] |

## I.  INTRODUCTION

In what is now the second federal action involving these same parties and the same piece of real property,[1] presently before the court is Plaintiff Laura Gens' ("Plaintiff") *ex parte* application for a Temporary Restraining Order ("TRO") and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.  See Docket Item No. 17.  Specifically, Plaintiff seeks an order enjoining Defendants Cal-Western Reconveyance Corporation and Wells Fargo ("Defendants") from conducting a trustee's sale scheduled for December 21, 2012.

As it currently stands, federal jurisdiction arises pursuant to 28 U.S.C. § 1332.[2]  The court

---

[1] The other case, of which this court takes judicial notice, is 5:10-cv-01073 LHK.  There, Plaintiff has appealed from the order dismissing with prejudice the Third Amended Complaint.

[2] The court notes that Plaintiff has filed a Motion to Remand this action back to Santa Clara County Superior Court, yet invokes this court's jurisdiction in order to obtain injunctive relief.

1
Case No. 5:12-cv-05947 EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Plaintiff's application will be denied for the reasons explained below.

## II.  LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

## III.  DISCUSSION

The court has reviewed Plaintiff's pleadings as well as all of the documentation provided but finds injunctive relief inappropriate because (1) Plaintiff has not demonstrated a likelihood of success on the merits, and (2) the balance of equities do not tip in Plaintiff's favor.

### A.  Likelihood of Success on the Merits

Based on the Complaint and what she submitted in support of this request, Plaintiff cannot

2

Case No. 5:12-cv-05947 EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

reasonably dispute certain critical facts: (1) that she agreed to repay a loan in favor of World Savings Bank for real property located in Palo Alto, California, (2) that in November, 2008, Wachovia "allegedly substituted in place of World Savings Bank," and (3) that in 2009, Wells Fargo "allegedly substituted in place of Wachovia."[3] See Compl., Docket Item No.1, at ¶¶ 5-7. Nor can Plaintiff reasonably dispute that, at some point in or about 2007 or 2008, she failed in her contractual obligation to make loan payments and Notices of Default were recorded against the property. See Docket Item No. 17, at Ex. B. Defendants' standing to foreclosure, therefore, is not at issue here.

Instead, Plaintiff challenges the foreclosure proceedings based on certain alleged defects in the Notice of Trustee's Sale. In particular, Plaintiff alleges in both this Motion and in the Complaint that Defendants neglected the requirements of California Civil Code §§ 2924 and 2924f by failing to appropriately post the Notice of Trustee's Sale, failing to publish that Notice, and failing to mail the Notice to Plaintiff.

"A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly, and a wrongful foreclosure claim must allege with sufficient facts that (1) proper procedure under §§ 2924 to 2924k was not followed; and (2) the plaintiff was prejudiced as a result." Garcia v. Fed. Home Loan Mortg. Corp., No. 1:12-cv-00397-AWI-BAM, 2012 U.S. Dist. LEXIS 122436, at *10, 2012 WL 3756307 (E.D. Cal. Aug. 28, 2012). In order to sufficiently demonstrate prejudice from alleged procedural deficiencies, an ability to tender the amount owed on the loan must also be alleged. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, *7-8, 2009 WL 2136969 (N.D. Cal. July 16, 2009).

---

[3] In fact, this court has previously taken judicial notice of documents demonstrating that "[t]he name of World Savings Bank was changed to Wachovia Mortgage effective December 31, 2007, and was subsequently acquired by a national banking association, namely Wells Fargo Bank." Garcia v. Wells Fargo Bank, No. 5:12-cv-01670 EJD, 2012 U.S. Dist. LEXIS 92333, at *4-5 n. 2, 2012 WL 2576206 (N.D. Cal. July 3, 2012).

United States District Court
For the Northern District of California

1  Here, despite being previously notified of the tender requirement,[4] Plaintiff has not alleged
2  an ability to tender the amount owed on the loan nor has she stated as much in this Motion. Without
3  that allegation, it is unlikely that Plaintiff has stated a claim based on alleged failures to comply with
4  Civil Code §§ 2924 and 2924f, and in turn has not demonstrated a likelihood of success on the
5  merits her of claims.[5]

**B.  Balance of Equities**

The court has made certain observations in examining whether the balance of equities favors Plaintiff.

To begin, the court must be mindful that foreclosure proceedings have commenced against Plaintiff due to her failure to pay according to the terms of the loan. Moreover, the presence of the prior civil case - and its ultimate determination against Plaintiff - cannot be overlooked in this context. Now that there have been two similar cases filed with regard to the same property, it appears that Plaintiff is utilizing litigation in furtherance of an overall plan to delay. For these reasons, Plaintiff's complaints of irregularity must be viewed with an eye of inequity.

Furthermore, the court recognizes that this is a request for injunctive relief without notice to Defendants. "[C]ircumstances justifying the issuance of an *ex parte* order are extremely limited." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Plaintiff has not explained why notice to Defendants should be excused.

Accordingly, the court concludes that the equities weigh against Plaintiff. This finding coupled with the failure to demonstrate a likelihood of success on the merits outweighs any degree of potential irreparable harm or amount of public interest which may favor her. In addition, Plaintiff

---

[4] In the earlier-filed civil case, Judge Jeremy Fogel issued an order denying Plaintiff's request for a preliminary injunction based partly on a finding that "Plaintiff has neither pled nor offered any evidence of a tender to pay her debt." Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *23-24, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

[5] The court is aware that, under particular circumstances, other courts have not required tender in order to enjoin a foreclosure sale that has not yet been completed. See, e.g., Tamburri v. Suntrust Mortg., Inc., No. C-11-2899 EMC, 2011 U.S. Dist. LEXIS 144442, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011). In this case, however, Plaintiff has not presented circumstances which would support a similar finding.

1 has not raised the type of serious questions sufficient to justify a TRO. Although the court is
2 certainly not immune to the incredible hardship experienced by those faced with the potential loss of
3 a home, it can only grant relief based upon a valid showing under the law. Because a proper showing
4 has not been made here, Plaintiff's request must be denied.

## IV.  ORDER

Plaintiff's application for temporary restraining order and order to show cause for preliminary injunction (Docket Item No. 17) is DENIED.

**IT IS SO ORDERED.**

Dated:  December 20, 2012



EDWARD J. DAVILA
United States District Judge