United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS,<br><br>　　　　　Plaintiff(s),<br>　v.<br>CAL-WESTERN RECONVEYANCE CORPORATION, et. al.,<br><br>　　　　　Defendant(s). | CASE NO. 5:12-cv-05947 EJD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Docket Item No(s). 31] |

## I.  INTRODUCTION

Presently before the court is Plaintiff Laura Gens' ("Plaintiff") *ex parte* application for a temporary restraining order ("TRO") and order to show cause for preliminary injunction. See Docket Item No. 31. Notably, this is Plaintiff's second such request in less than a month, the first request having been denied by this court on December 20, 2012.[1] See Docket Item No. 22. According to Plaintiff, the trustee's sale previously scheduled for December 21, 2012, was

---

[1] The court has construed Plaintiff's request for reconsideration of the order denying her first application as a Motion for Leave to File a Motion for Reconsideration pursuant to Civil Local Rule 7-9 since such motions cannot be presented otherwise. See Civ. Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). As so construed, the motion is DENIED. The supporting information upon which Plaintiff currently relies could have been presented in the prior application. See Civ. Local. Rule 7-9(b)(1) (requiring the moving party to "show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.").

1
CASE NO. 5:12-cv-05947 EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

postponed to January 9, 2012. As before, Plaintiff now seeks an order enjoining Defendants Cal-Western Reconveyance Corporation and Wells Fargo ("Defendants") from conducting the rescheduled sale.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having reviewed this new application, the court finds it suffers from the same deficiencies as its predecessor. Accordingly, Plaintiff's application will be denied for the reasons explained below.

## II.    LEGAL STANDARD

The court begins again with the law that applies to this application. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

## III. DISCUSSION

In the order addressing Plaintiff's prior *ex parte* request, the determined that Plaintiff did not make the showing required for the issuance of a TRO. Specifically, the court explained that Plaintiff failed to demonstrate a likelihood of succeeding on the merits because she did not allege an ability to tender the amount owed. The court also explained that the balance of equities did not tip in Plaintiff's favor because, this being the second federal action filed by Plaintiff with regard to the same loan and the same real property, it was concerned that Plaintiff was utilizing litigation in furtherance of an overall plan to delay the foreclosure proceedings. In addition, Plaintiff had not provided sufficient justification for the issuance of an *ex parte* order.

This application presents the same problems. With regard to success on the merits, Plaintiff still has not addressed the issue of tender. This is true despite the fact that the basis of this lawsuit is alleged violations of this state's non-judicial foreclosure statutes, California Civil Code §§ 2924 and 2924f, rather than a challenge to Defendants' standing to foreclose. As this court and another have already indicated to Plaintiff, an ability to tender the amount owed on the loan must also be alleged in order to sufficiently demonstrate prejudice from any procedural deficiencies. Indeed, "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, *7-8, 2009 WL 2136969 (N.D. Cal. July 16, 2009). Thus, regardless of any objections to the amount purportedly owed on the loan, Plaintiff has neither alleged an ability to tender any particular amount nor demonstrated why this requirement should be excused.

In addition, Plaintiff's present focus on the issue of improper accounting is of no moment. Plaintiff has not identified, in either this application or the Complaint, the legal authority upon which she relies in order to compel an accounting. As such, the court is left to without a clear basis for this cause of action. To the extent this is a general request, Plaintiff has not demonstrated the need for a judicial accounting by alleging that: (1) the relationship between a plaintiff and defendant, such as a fiduciary relationship, calls for an accounting, and (2) the defendant owes a balance to the plaintiff

3
CASE NO. 5:12-cv-05947 EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

that is too complicated to calculate without an accounting from the Court." Ford v. Lehman Bros. Bank, FSB, No. C 12-00842 CRB, 2012 U.S. Dist. LEXIS 85600, at *45, 2012 WL 2343898 (N.D. Cal. June 20, 2012). Here, Plaintiff did not cite the applicable relationship which would support an accounting. But even if one is assumed, Plaintiff neither alleges that she is owed anything from Defendants nor shown that the amount of "individual fees and charges" she seeks to determine through this cause of action is incapable of being discerned through a simple mathematical exercise. "An accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

To the extent Plaintiff relies on California Civil Code § 2943, Plaintiff can no longer compel Defendants to produce an accounting because a Notice of Trustee's Sale has been recorded. See Cal. Civ. Code §§ 2943(b)(1) ("A beneficiary, or his or her authorized agent, shall, on the written demand of an entitled person, or his or her authorized agent, prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand. However, if the loan is subject to a recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale or the notice of the first date of sale established by a court."). In any event, the Complaint does not allege that Plaintiff made § 2943 written request before the recording. For these reasons, Plaintiff has not demonstrated a likelihood of success on the merits.

Nor has Plaintiff shown that the equities tip in her favor. The court's concern that Plaintiff is improperly using litigation for the purpose of delay is still apparent, if not more so now, since it appears Plaintiff has been aware since December 21, 2012, that the trustee's sale had been postponed yet waited until two days before the new sale date to bring this application. Without any explanation to believe otherwise, the court can only conclude that Plaintiff planned to use timing to her advantage and avail herself of the expedited review given to *ex parte* requests. The court has considered these circumstances in examining this request. Lydo Enters., Inc. v. City of Las Vegas,

745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.").

Furthermore, the court again recognizes that this is a request for injunctive relief without notice to Defendants. "[C]ircumstances justifying the issuance of an *ex parte* order are extremely limited." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). While Plaintiff contends that the irreparable harm involved - loss of equity - supports *ex parte* presentation, the court disagrees. Since the only remedy for the statutory violations asserted in the Complaint is the postponement of the foreclosure sale, any equity in the property cannot be recovered through this litigation and, therefore, is not directly at issue. See Mabry v. Super. Ct., 185 Cal. App. 4th 208, 235 (2010).

Accordingly, Plaintiff's failure to demonstrate either a likelihood of success or that the equities tip in her favor outweighs any degree of potential irreparable harm or amount of public interest which may favor a TRO, and "serious questions" sufficient to justify injunctive relief have not been raised here. Plaintiff application will therefore be denied.

### III. ORDER

Plaintiff's ex parte application for a temporary restraining order and order to show cause for preliminary injunction (Docket Item No. 31) is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2013

EDWARD J. DAVILA
United States District Judge

5
CASE NO. 5:12-cv-05947 EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION